**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-2364**

CYNTHIA THOMAS,

Plaintiff - Appellant,

v.

DILLON COUNTY SCHOOL DISTRICT FOUR; D. RAY ROGERS; ARTHUR MCMILLAN; POLLY ELKINS,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Florence. Bruce H. Hendricks, District Judge. (4:13-cv-00990-BHH)

Submitted: April 20, 2017                    Decided: April 24, 2017

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cynthia Thomas, Appellant Pro Se. Laura Callaway Hart, Meredith Lee Seibert, Andrea E. White, DUFF, WHITE & TURNER, LLC, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cynthia Thomas, who proceeds pro se before this court, appeals from the district court's entry of judgment for Defendants in accordance with the jury's verdict, and she also challenges the district court's order denying her pro se Fed. R. Civ. P. 59 motion for a new trial. Thomas sued her former employer, Dillon County School District Four, and several individuals, alleging claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e–17 (2012) (Title VII), and 42 U.S.C. §§ 1981, 1983, 1985 (2012), as well as state law claims for defamation and civil conspiracy. On Defendants' summary judgment motion, the scope of Thomas' complaint was narrowed in that only her Title VII and § 1981 claims proceeded to trial. The jury returned a verdict in Defendants' favor, and Thomas timely moved for a new trial, which the district court denied. On appeal, Thomas asserts that: (1) her race discrimination and retaliation claims did not proceed to trial as ordered by the district court and, thus, the jury's verdict was not based on those claims; (2) the jury's verdict should be set aside because certain evidence was not presented at trial; and (3) the district court erroneously denied her motion for a new trial without addressing her constitutional and human rights to a fair trial.

Thomas bears the burden of including in the record on appeal a transcript of all parts of the proceedings material to the issues raised on appeal. Fed. R. App. P. 10(b); 4th Cir. R. 10(c)(1). In fact, this court's informal briefing order specifically advised Thomas of her obligation to order a transcript to aid her appeal. Despite the foregoing, Thomas has not presented this court with a transcript of the jury trial. Without a trial

2

transcript, we cannot review what evidence or claims were presented to the jury. Because Thomas failed to discharge her burden of providing this court with a transcript of the relevant proceedings to substantiate her appellate claims, Thomas has waived any assertion that the district court committed reversible error during trial.[*] *See Keller v. Prince George's Cty.*, 827 F.2d 952, 954 n.1 (4th Cir. 1987). Although we have reviewed Thomas' arguments regarding her motion for a new trial, we conclude that the district court did not abuse its discretion in denying this relief. *See Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 346 (4th Cir. 2014) ("A district court's denial of a motion for a new trial is reviewed for abuse of discretion, and will not be reversed save in the most exceptional circumstances." (internal quotation marks omitted)).

Based on the foregoing, we affirm the district court's judgment and its order denying Thomas' motion for a new trial. *See Thomas v. Dillon Cty. Sch. Dist. 4*, No. 4:13-cv-00990-BHH (D.S.C. Apr. 8, 2016 & Nov. 17, 2016). We grant Thomas leave to proceed on appeal in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] The jury verdict form nonetheless establishes that the jury considered—but found against Thomas on—her racial discrimination and retaliation claims. There is also sufficient evidence in the record to confirm that the evidence Thomas complains was not presented to the jury either was admitted into evidence or was not offered for admission by her attorney.